PAUL J. FISHMAN
United States Attorney
ALLAN B. K. URGENT
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
(201) 645-2079

JOHN CRUDEN
Assistant Attorney General
BRIAN D. DONOHUE
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
601 D Street, N.W.
Washington, D.C. 20004
(202) 514-5413

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-102 (NLH) |
| E.I. DU PONT DE NEMOURS AND COMPANY, INC., | : | |
| Defendant. | : | |

**CONSENT DECREE**

Whereas, Plaintiff, the United States of America, on behalf of the United States

Environmental Protection Agency ("EPA"), has filed a complaint in this action concurrently with

the lodging of this Consent Decree against the Defendant, E.I. du Pont de Nemours and

Company, Inc. ("DuPont," or "the Defendant"), for violations that occurred at DuPont's

Chambers Works Plant located in Deepwater, New Jersey ("Chambers Works");

Case 2:13-cv-00102-NLH-AMD   Document 26.01   Filed 06/01/15   Page 2 of 22 PageID: 48

Whereas, in the Complaint, the United States alleges that the Defendant violated the Clean Air Act, 42 U.S.C § 7401, et seq. (the "Act", or "CAA") and its implementing regulations, specifically, the regulations found at 40 C.F.R. Part 63, Subpart A ("the Part 63 General Provisions"), 40 C.F.R. Part 63, Subpart FFFF (the "MON MACT"), and 40 C.F.R. Part 63, Subpart H (the "Equipment Leak MACT"), and 40 C.F.R. Part 82, Subpart F (the "CFC Regulations"), as well as provisions of the Facility's CAA Title V Operating Permit and the Emergency Planning and Community Right-to-Know Act ("EPCRA"), 42 U.S.C. § 11045(c)(4), at its Chambers Works plant;

Whereas, the Defendant does not admit any issue of law or fact except as provided in Paragraphs 1 and 2 of this Consent Decree and denies any liability to the United States arising out of the transactions or occurrences alleged in the Complaint; and,

Whereas, Defendant has represented to the United States that it has complied with and/or corrected each of the alleged violations identified in the Complaint;

Whereas, the Parties hereto recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action, the subject matter herein, and the Parties consenting hereto pursuant to 28 U.S.C. §§ 1331, 1345 and 1355; Section 113(b) of the CAA, 42 U.S.C. § 7413(b); and Section 325(c)(4) of EPCRA, 42 U.S.C. § 11045(c)(4).

2.     Venue lies in the District of New Jersey pursuant to Section 113(b)of the CAA, 42 U.S.C. § 7413(b); Section 325(c)(4) of EPCRA, 42 U.S.C. § 11045(c)(4); and 28 U.S.C. §§ 1391(b) and (c), and 1395(a), because DuPont is found in and conducts business in this District and because the alleged violations occurred within this District.

3.     For purposes of this Consent Decree, the Defendant agrees that the Complaint states claims upon which relief may be granted.

## II. APPLICABILITY

4.     The obligations of this Consent Decree apply to and are binding upon the United States and upon the Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

5.     The Defendant shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Consent Decree.  The foregoing may be satisfied by hard copy, electronic copy, or by providing online access with notice to the affected personnel.  The Defendant shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

6.     In any action to enforce this Consent Decree, the Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

3

7.     No transfer of ownership or operation of the Chambers Works Plant, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve the Defendant of its obligation to ensure that the terms of this Decree are implemented, unless (1) the transferee agrees to undertake the obligations required by Section V of this Decree and to be substituted for the Defendant as Party under the Decree and thus be bound by the terms thereof, and (2) the United States consents to relieve the Defendant of its obligations, as to which such consent shall not be unreasonably withheld.  At least 30 Days prior to such transfer, the Defendant shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer to EPA Region 2, the United States Attorney for the District of New Jersey and the United States Department of Justice, in accordance with Section XI of this Decree (Notices).  Any attempt to transfer ownership or operation of the Chambers Works Plant without complying with this Paragraph constitutes a violation of this Decree.

### III. DEFINITIONS

8.     Terms used in this Consent Decree that are defined in the CAA or in EPCRA, or in regulations promulgated pursuant to either statute, shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a.     "Appliance" shall have the meaning found in 40 C.F.R. § 82.152;

b.     "CAA" shall mean the Clean Air Act, 42 U.S.C. § 7401, *et seq*.;

c.     "CFC Regulations" shall mean the regulations set forth at 40 C.F.R. Part 82, Subpart F;

d.     "Complaint" shall mean the complaint filed by the United States in this action;

Case 2:13-cv-00001-NLH-AMD   Document 26-1   Filed 11/05/15   Page 22 of 22 PageID: 475

e.    "Consent Decree" or "Decree" shall mean this Decree;

f.    "Day" shall mean a calendar day unless expressly stated to be a business day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business the next business day;

g.    "DEP" shall mean the New Jersey Department of Environmental Protection;

h.    "Defendant" shall mean E.I. du Pont de Nemours and Company, Inc;

i.    "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies;

j.    "EPCRA" shall mean the Emergency Planning and Community Right-to-Know Act, 42 U.S.C. § 11001 *et seq.*;

k.    "Effective Date" shall have the definition provided in Section XII;

l.    "Facility" shall mean the Defendant's Chambers Works Plant located in Deepwater, New Jersey;

m.    "Industrial Process Refrigeration" shall have the meaning found in 40 C.F.R. § 82.152;

n.    "Paragraph" shall mean a portion of this Decree identified by an Arabic numeral;

o.    "Parties" shall mean the United States and the Defendant;

p.    "Refrigerant" shall have the meaning found in 40 C.F.R. § 82.152;

q.    "Section" shall mean a portion of this Decree identified by a roman numeral; and,

r.    "United States" shall mean the United States of America, acting on behalf of EPA.

Case 2:13-cv-00102-NLH-AMD   Document 2-1   Filed 11/06/2015 Page 6 of 22 Page ID 463

## IV. CIVIL PENALTY

9.      Within 30 Days after the Effective Date of this Consent Decree, the Defendant shall pay the sum of $530,520 as a civil penalty.  If any portion of the civil penalty due to the United States is not paid when due, DuPont shall pay interest on the amount past due, accruing 30 Days from the Effective Date of this Consent Decree and until such penalty is paid, at the rate specified in 28 U.S.C. § 1961.

10.      Payment of the civil penalty together with any Interest shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with instructions to be provided to the Defendant by the Financial Litigation Unit of the U.S. Attorney's Office for the District of New Jersey, following lodging of the Consent Decree. At the time of payment, the Defendant shall simultaneously send written notice of payment and a copy of any transmittal documentation (which should reference DOJ case number 90-5-2-1-08003/1 and the civil action number of this case) to the United States in accordance with Section XI (Notices).

11.      The Defendant shall not deduct any penalties paid under this Decree pursuant to this Section or Section VI (Stipulated Penalties) in calculating its federal or state income tax.

## V. COMPLIANCE REQUIREMENTS

12.      DuPont shall treat each Industrial Process Refrigeration unit that uses a Refrigerant in a secondary loop at the Chambers Works Facility (including without limitation, units MR-47 and MR-31), as an Appliance subject to the CFC Regulations.  Such Industrial Process Refrigeration units will be subject to the CFC Regulations in the same manner as Industrial Process Refrigeration units using Refrigerants in primary loops.

13.     Within forty-five (45) Days of the Effective Date of this Consent Decree, DuPont

shall submit an electronic application to the DEP to revise the Title V permit for the Facility to

include a condition specifying that the CFC Regulations apply to each Industrial Process

Refrigeration unit using a Refrigerant in a secondary loop at the Facility, including without

limitation units MR-47 and MR-31.  DuPont shall provide a hard copy of the application to the

United States in accordance with Section XI (Notices).

## VI. STIPULATED PENALTIES

14.     <u>Late Payment of Civil Penalty.</u>  If the Defendant fails to pay the civil penalty

required to be paid under Section IV of this Decree (Civil Penalty) when due, the Defendant

shall pay a stipulated penalty of $2,500 per Day for each Day that the payment is late.

15.     <u>Failure to Comply with Paragraph 12.</u>  For units covered by Paragraph 12, the

Defendant shall pay stipulated penalties as follows:

a.     For any failure to repair leaks, conduct initial verification test or follow-up

verification tests as required by 40 C.F.R. § 82.156(i)(2) and 82.156(i)(3), the

Defendant shall pay a stipulated penalty, accruing beginning on the Day after

performance was required, per unit per Day, as follows:

i.     1st through 15th day after deadline - $500 per day;

ii.     15th through 30th day after deadline - $1,000 per day;

iii.     beyond 30th day after deadline - $2,000 per day.

b.     For any failure to maintain records, as required by 40 C.F.R.§ 82.166, the

Defendant shall pay a stipulated penalty of $500 per record.

16.     <u>Failure to Comply with Paragraph 13.</u>  For any failure to submit an application to

revise the Title V permit within forty-five (45) days of the Effective Date as required by

Paragraph 13, Defendant shall pay a stipulated penalty of $500 per Day.

    17.    Stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violations ceases.  Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

    18.    Stipulated penalties shall continue to accrue, as provided in Paragraph 17, during any Dispute Resolution, but need not be paid until the following:

    a.    If the dispute is resolved by agreement or by a decision of EPA that is not appealed to the Court, the Defendant shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 Days of the date of the agreement or the receipt of EPA's decision or order;

    b.    If the dispute is appealed to the Court and the United States prevails in whole or in part, the Defendant shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

    c.    If any Party appeals the District Court's decision, the Defendant shall pay all accrued penalties determined to be owed, together with interest, within 15 Days of receiving the final appellate court decision.

    19.    <u>Payment Procedure.</u>

    a.    The Defendant shall pay any stipulated penalty within 30 Days of receiving the United States' written demand for payment.

    b.    The Defendant shall pay stipulated penalties owing to the United States in the manner set forth and with the confirmation notices required by Paragraph 10,

Case 2:15-cv-00102-NLH-AMD Document 2-10 Filed 03/06/15 Page 9 of 22 Page ID 456

except that the written notice of payment shall state that the payment is for

stipulated penalties and shall state for which violations the penalties are being

paid.

c.    If the Defendant fails to pay stipulated penalties according to the terms of this

Consent Decree, the Defendant shall be liable for interest on such penalties, as

provided in 28 U.S.C. § 1961, accruing as of the date payment became due.

Nothing in this Paragraph shall be construed to limit the United States from

seeking any remedy otherwise provided by law for the Defendant's failure to pay

any stipulated penalties.

d.    The United States may, in its unreviewable discretion, reduce or waive any

portion of stipulated penalties otherwise due under this Section.

e.    Subject to the provisions of Section IX of this Consent Decree (Effect of

Settlement/Reservation of Rights), the stipulated penalties provided for in this

Consent Decree shall be in addition to any other rights, remedies, or sanctions

available to the United States for the Defendant's violation of this Consent Decree

or applicable law.

## VII.  **FORCE MAJEURE**

20.    "Force Majeure," for purposes of this Consent Decree, is defined as any event

arising from causes beyond the control of the Defendant, of any entity controlled by the

Defendant, or of the Defendant's contractors, that delays or prevents the performance of any

obligation under this Consent Decree despite the Defendant's best efforts to fulfill the obligation.

The requirement that the Defendant exercise "best efforts to fulfill the obligation" includes using

best efforts to anticipate any potential force majeure event and best efforts to address the effects

of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any

resulting delay to the greatest extent possible. "Force Majeure" does not include the Defendant's

financial inability to perform any obligation under this Consent Decree.

      21.    If any event occurs or has occurred that may delay the performance of any

obligation under this Consent Decree, whether or not caused by a force majeure event, the

Defendant shall provide notice orally or by electronic or facsimile transmission to EPA within 72

hours of when the Defendant first knew that the event might cause a delay.  Within seven days

thereafter, the Defendant shall provide in writing to EPA an explanation and description of the

reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to

prevent or minimize the delay; a schedule for implementation of any measures to be taken to

prevent or mitigate the delay or the effect of the delay; the Defendant's rationale for attributing

such delay to a force majeure event if it intends to assert such a claim; and a statement as to

whether, in the opinion of the Defendant, such event may cause or contribute to an endangerment

to public health, welfare or the environment.  The Defendant shall include with any notice all

available documentation supporting the claim that the delay was attributable to a force majeure.

Failure to comply with the above requirements shall preclude the Defendant from asserting any

claim of force majeure for that event for the period of time of such failure to comply, and for any

additional delay caused by such failure.  The Defendant shall be deemed to know of any

circumstance of which the Defendant, any entity controlled by the Defendant, or the Defendant's

contractors knew or should have known.

      22.    If EPA agrees that the delay or anticipated delay is attributable to a Force Majeure

event, the delay at issue shall be deemed not to be a violation by Defendant of the affected

obligation of this Consent Decree, and the time for performance of the obligations under this

Case 2:15-cv-00102-NLH-AMD   Document 26 Document Filed 06/06/15 Page Page 22 Page PageID 452

Consent Decree that are affected by the Force Majeure event will be extended by EPA for such time as is necessary to complete those obligations.  An extension of the time for performance of the obligations affected by the Force Majeure event shall not, of itself, extend the time for performance of any other obligation.  EPA will notify the Defendant in writing of the length of the extension, if any, for performance of the obligations affected by the Force Majeure event.

23.     If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify the Defendant in writing of its decision.

24.     If the Defendant elects to invoke the dispute resolution procedures set forth in Section VIII (Dispute Resolution) with respect to the determinations made by EPA under this Section VII (Force Majeure), it shall do so no later than 30 days after receipt of EPA's notice.  In any such proceeding, the Defendant shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a Force Majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that the Defendant complied with the requirements of Paragraphs 20 and 21, above.  If the Defendant carries this burden, the delay at issue shall be deemed not to be a violation by the Defendant of the affected obligation of this Consent Decree identified to EPA and the Court.

## VIII.  DISPUTE RESOLUTION

25.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.  The Defendant's failure to seek resolution of a dispute under this Section shall preclude the Defendant from raising any such issue as a defense

to an action by the United States to enforce any obligation of the Defendant arising under this

Decree.

26.    <u>Informal Dispute Resolution</u>.  Any dispute subject to Dispute Resolution under

this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be

considered to have arisen when the Defendant sends the United States a written Notice of

Dispute.  Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal

negotiations shall not exceed 20 Days from the date the dispute arises, unless that period is

modified by written agreement.  If the Parties cannot resolve a dispute by informal negotiations,

then the position advanced by the United States shall be considered binding unless, within 30

Days after the conclusion of the informal negotiation period, the Defendant invokes formal

dispute resolution procedures as set forth below.

27.    <u>Formal Dispute Resolution</u>.  The Defendant shall invoke formal dispute resolution

procedures, within the time period provided in the preceding Paragraph, by serving on the United

States a written Statement of Position regarding the matter in dispute.  The Statement of Position

shall include, but need not be limited to, any factual data, analysis, or opinion supporting the

Defendant's position and any supporting documentation relied upon by the Defendant.

28.    The United States shall serve its Statement of Position within 45 Days of receipt

of the Defendant's Statement of Position.  The United States' Statement of Position shall include,

but need not be limited to, any factual data, analysis, or opinion supporting that position and any

supporting documentation relied upon by the United States.  The United States' Statement of

Position shall be binding on the Defendant, unless the Defendant files a motion for judicial

review of the dispute in accordance with the following Paragraph.

Case 2:15-cv-00102-NLH-AMD   Document 26-10   Filed 06/15/06   Page 13 of 22   Page 224 of 734

29.     The Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section XI of this Consent Decree (Notices), a motion requesting judicial resolution of the dispute.  The motion must be filed within 30 Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph.  The motion shall contain a written statement of the Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

30.     The United States shall respond to the Defendant's motion within the time period allowed by the Local Rules of this Court.  The Defendant may file a reply memorandum, to the extent permitted by the Local Rules.

31.     Except as otherwise provided in this Consent Decree, in any formal dispute resolution proceeding under this Section the Defendant shall bear the burden of demonstrating that its position complies with the terms and objectives of this Consent Decree and the Clean Air Act, and that it is entitled to relief under applicable principles of law.  The United States reserves the right to argue that its position is reviewable only on the administrative record.  The Defendant reserves the right to argue to the contrary.  If the dispute is on the administrative record, the Defendant bears the burden of demonstrating that the position of the United States is arbitrary and capricious or otherwise not in accordance with law.

32.     The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of the Defendant under this Consent Decree, unless and until final resolution of the dispute so provides.  Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but

payment shall be stayed pending resolution of the dispute as provided in Paragraph 18. If the

Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid

as provided in Section VI (Stipulated Penalties).

## IX. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

33.     This Consent Decree resolves the civil claims of the United States for the

violations alleged in the Complaint filed in this action through the date of lodging of this Consent

Decree.

34.     The United States reserves all legal and equitable remedies available to enforce

the provisions of this Consent Decree, except as expressly stated in Paragraph 33. This Consent

Decree shall not be construed to limit the rights of the United States to obtain penalties or

injunctive relief under the Act or implementing regulations, or under other federal laws,

regulations, or permit conditions, except as expressly specified in Paragraph 33.

35.     This Consent Decree is not a permit, or a modification of any permit, under any

federal, State, or local laws or regulations. The Defendant is responsible for achieving and

maintaining complete compliance with all applicable federal, State, and local laws, regulations,

and permits; and the Defendant's compliance with this Consent Decree shall be no defense to

any action commenced pursuant to any such laws, regulations, or permits, except as set forth

herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or

aver in any manner that the Defendant's compliance with any aspect of this Consent Decree will

result in compliance with provisions of the Act, or with any other provisions of federal, state, or

local laws, regulations, or permits.

36.     This Consent Decree does not limit or affect the rights of the Defendant or of the

United States against any third parties, not party to this Consent Decree, nor does it limit the

rights of third parties, not party to this Consent Decree, against the Defendant, except as

otherwise provided by law.

37.     This Consent Decree shall not be construed to create rights in, or grant any cause

of action to, any third party not party to this Consent Decree.

## X.  COSTS

38.     The Parties shall bear their own costs of this action, including attorneys' fees,

except that the United States shall be entitled to collect the costs (including attorneys' fees)

incurred in any action necessary to collect any portion of the civil penalty or any stipulated

penalties due but not paid by the Defendant.

## XI.  NOTICES

39.     Unless otherwise specified herein, whenever notifications, submissions, or

communications are required by this Consent Decree, they shall be made in writing and

addressed as follows:

<u>To the United States</u>:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611 Ben Franklin Station
Washington, D.C.  20044-7611
Re: DOJ No. 90-5-2-1-09627


<u>To EPA</u>:

Robert Buettner, Chief
Air Compliance Branch, DECA
U.S. Environmental Protection Agency
Region 2
290 Broadway, 21st Floor
New York, New York 10007

To the Defendant:

Stephen Rahaim, Esquire
Corporate Counsel
E.I. DuPont de Nemours & Co.
1007 Market Street
Wilmington, DE  19898

Carol McCabe, Esquire
Manko, Gold, Katcher & Fox, LLP
401 City Avenue, Suite 901
Bala Cynwyd, PA  19004

     40.    Either Party may, by written notice to the other Party, change its designated notice

recipient or notice address provided above.

     41.    Notices submitted pursuant to this Section shall be deemed submitted upon

mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties

in writing.

## XII. **EFFECTIVE DATE**

     42.    The Effective Date of this Consent Decree shall be the date upon which this

Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted,

whichever occurs first, as recorded on the Court's docket.

## XIII. **RETENTION OF JURISDICTION**

     43.    The Court shall retain jurisdiction over this case until termination of this Consent

Decree, for the purpose of resolving disputes arising under this Decree or entering orders

modifying this Decree, pursuant to Sections VIII and XIV, or effectuating or enforcing

compliance with the terms of this Decree.

## XIV.  MODIFICATION

44.     The terms of this Consent Decree may be modified only by a subsequent written agreement signed by each of the Parties.  Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

45.     Any disputes concerning modification of this Decree shall be resolved pursuant to Section VIII of this Decree (Dispute Resolution), provided, however, that the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XV.  TERMINATION

46.     After payment of the civil penalty, and any accrued stipulated penalties and interest, if any, and after Defendant's receipt of an approval and issuance by the DEP of the Title V permit revision submitted pursuant to Paragraph 14, above, the Defendant may serve upon the United States a Request for Termination, stating that the Defendant has satisfied those requirements, together with all necessary supporting documentation.

47.     Following receipt by the United States of the Defendant's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether the Defendant has satisfactorily complied with the requirements for termination of this Consent Decree.  If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

48.     If the United States does not agree that the Decree may be terminated or does not respond to Defendant's Request for Termination, the Defendant may invoke Dispute Resolution under Section VIII of this Decree.  However, the Defendant shall not seek Dispute Resolution of

17

any dispute regarding termination under Section VIII, until 30 Days after service of its Request for Termination.

## XVI. <u>PUBLIC PARTICIPATION</u>

49.     This Consent Decree shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate.  The Defendant consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified the Defendant in writing that it no longer supports entry of the Decree.

## XVII. <u>SIGNATORIES/SERVICE</u>

50.     Each undersigned representative of the Defendant and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

51.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  The Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.  The Parties agree that Defendant need not file an answer or otherwise respond to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

18

## XVIII.  INTEGRATION

52.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XIX.  FINAL JUDGMENT

53.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and the Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

Dated and entered this 30th day of March, 2015.

At Camden, New Jersey

HON. NOEL L. HILLMAN
UNITED STATES DISTRICT JUDGE

19

FOR PLAINTIFF UNITED STATES OF AMERICA:

Dated: 12/17/14

ELLEN MAHAN
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

Dated: 12/17/14

BRIAN G. DONOHUE
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611


PAUL J. FISHMAN
United States Attorney
District of New Jersey

ALLAN B. K. URGENT
Assistant United States Attorney
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

Dated: __12/30/14__

_____
ERIC SCHAAE
Regional Counsel
U.S. Environmental Protection Agency
Region 2
290 Broadway
New York, NY 10007-1866

Of Counsel:

DENISE LEONG
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 2
290 Broadway
New York, NY 10007-1866

FOR E.I. DU PONT DE NEMOURS AND COMPANY, INC.

Dated: 10/29/14            By: _William R. Fisher Jr._

Name: _William R. Fisher Jr._

Title: _Plant Manager_

Address: _Rt. 130 and Canal Rd. Deepwater, NJ 08023_

Agent authorized to accept service on behalf of E.I. Du Pont De Nemours and Company, Inc.

Name: _____

Address: _____

_____

_____

Telephone number: _____

Facsimile Number: _____

22